```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

MAX BRIAN PHIPPS,            :        NO. 1:08-CV-00633
                             :
    Plaintiff,           :
                             :
  v.                        :        **OPINION AND ORDER**
                             :
                             :
MICHAEL J. ASTRUE,           :
Commissioner of Social       :
Security,                    :
                             :
    Defendant.           :

       This matter is before the Court on the Magistrate Judge's September 17, 2009 Report and Recommendation (doc. 9), to which there were no objections. For the reasons indicated herein, the Court DISMISSES this matter for want of prosecution.

       Plaintiff filed his Complaint on April 7, 2009, seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, denying Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits (doc. 3). Defendant filed his Answer on June 23, 2006 (doc. 6). Plaintiff failed to file a "Statement of Errors" within 45 days of service of the Answer and the Administrative Record, as required by the Magistrate Judge's General Order Concerning Social Security Appeals. On August 26, 2009, the Magistrate Judge issued a show cause order for Plaintiff to state in writing why the case should not be dismissed for lack of prosecution (doc. 8). Plaintiff did not respond to such order,

and now the Magistrate Judge has issued the instant Report and Recommendation that this matter be dismissed for want of prosecution (doc. 9).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken. The Magistrate Judge noted that district courts have the inherent power to <u>sua sponte</u> dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. <u>See</u> Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." <u>Carter v. City of Memphis, Tennessee</u>, 636 F.2d 159, 161 (6th Cir. 1980)(quoting <u>Silas v. Sears, Roebuck & Co., Inc.</u>, 586 F.2d 382, 385 (5th Cir. 1978); <u>see also</u> <u>Coleman v. American Red Cross</u>, 23 F.3d 1091, 1095 (6th Cir. 1994). "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement. . . or failure to comply with the pre-trial order." <u>Carter</u>, 636 F.2d at 161 (quoting <u>J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.</u>, 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Here, Plaintiff has failed to file his Statement of Errors, has failed to comply with the Magistrate Judge's show cause order, and has therefore failed to prosecute his claims. Consequently, the Court finds appropriate the dismissal of Plaintiff's claims.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 9), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DISMISSES WITH PREJUDICE this case from the Court's Docket.

SO ORDERED.


Dated: October 27, 2009  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge